SHUEY v. STATE OF INDIANA.

[No. 28,940.   Filed January 11, 1954.]

*James C. Cooper*, Public Defender, and *Richard M. Givan*, Assistant Public Defender, for appellant.

*Edwin K. Steers*, Attorney General, and *Frank E. Spencer*, Deputy Attorney General, for appellee.

DRAPER, C. J.—This is an appeal from the denial of a writ of error *coram nobis*.

The record presents nothing but a disputed question of fact. The appellant, an admitted drug addict, testified that when he entered his plea of guilty he was so influenced by drugs, which he had taken while in the county jail, that he did not then comprehend and cannot now remember what transpired.

There is much oral and record evidence to the contrary. Several witnesses testified that he appeared to be physically and mentally normal at the time and that he conversed intelligently and in a perfectly normal manner. At the instance of his attorney he testified concerning his previous record and his commission of the crime with which he stood charged, recounting it in minute detail. The record demonstrates a remarkable mental alertness on appellant's part, and a keen appreciation and perfect understanding of the proceedings. In fact, the oral testimony and the written record of the proceedings at the time the appellant entered his plea of guilty leads so irresistibly to the conclusion that the appellant's assertions of a lack of understanding are rank imposture, that we do not feel called upon to go into further detail concerning it.

The appellant was represented by counsel appointed by the court. The record shows that the trial judge exercised the most meticulous care in safeguarding the rights of the appellant in all respects, and caused to be made and preserved a record so thorough and complete that no reasonable man could doubt the correctness of the decision in this case.

After the appellant entered his plea he was returned to the county jail, and he there took a large overdose of sleeping pills in what seems to have been an attempt at suicide, and as a result he was rushed to the hospital where his stomach was pumped. There were no facilities for keeping him at the hospital for any considerable period, and three days later he was returned to court where sentence was imposed, and he was then taken to the reformatory. There is evidence that when he was sentenced he could make intelligent response to inquiries but he was not then mentally alert. We find no violation of any constitutional right of appellant in sentencing him under the conditions he himself produced.

Judgment affirmed.

NOTE.—Reported in 116 N. E. 2d 298.